```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


KACEE LEE CHANDLER,             :
                                :
        Plaintiff               :    No. 4:10-CV-1047
                                :
    vs.                         :    (Complaint Filed 5/14/10)
                                :
MICHAEL J. ASTRUE,              :
COMMISSIONER OF SOCIAL          :    (Judge Muir)
SECURITY,                       :
                                :
        Defendant               :
```

**MEMORANDUM PURSUANT TO LOCAL APPELLATE RULE 3.1**

May 6, 2011

The above-captioned action was one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Kacee Lee Chandler's claim for social security disability insurance benefits and supplemental security income benefits. By order of March 8, 2011, we directed that judgment be entered in favor of Plaintiff and that the case be remanded to the Commissioner for further proceedings.

On May 5, 2011, the Commissioner filed a notice of appeal relating to our order of March 8, 2011. The purpose of this memorandum is to provide a written amplification of our prior order pursuant to Local Appellate Rule 3.1 which states in relevant part as follows:

> No later than 30 days after the docketing of a notice of appeal, the trial judge may file and transmit to the parties a written opinion or a written amplification of a prior written or oral recorded ruling or opinion.

In our order of March 8, 2011, we stated that the residual functional assessment is a medical one and must be determined on the basis of medical evidence and that if an administrative law judge makes a residual functional capacity assessment on the basis of his or her review of the evidence, including the medical records, without the benefit of an expert opinion from a physician or psychologist the administrative law judge has improperly substituted his or her own lay medical opinion for that of a physician or psychologist.  The purpose of this memorandum is to amplify that statement.

  We recognize that the residual functional capacity assessment must be based on a consideration of all the evidence in the record, including the testimony of the claimant regarding her activities of daily living,  medical records, lay evidence and evidence of pain. See <u>Burnett v. Commissioner of Social Sec. Admin.</u>, 220 F.3d 112, 121–122 (3d Cir 2000).  However, rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant. See <u>Doak v. Heckler</u>, 790 F.2d 26, 29 (3d Cir.1986)("No physician suggested that the activity Doak could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence.");  20 C.F.R. § 404.1545(a).  As two commentators have explained:

> Sometimes administrative law judges assert that they – and not physicians – have the right to make residual functional capacity determinations. In fact, it can reasonably be asserted that the ALJ has the right to determine whether a claimant can engage in sedentary, light, medium, or heavy work.  The ALJ should not assume that physicians know the Social Security Administration's definitions of those terms. <u>However, the underlying determination is a medical determination, i.e., that the claimant can lift five, 20, 50, or 100 pounds, and can stand for 30 minutes, two hours, six hours, or eight hours. That determination must be made by a doctor.  Once the doctor has determined how long the claimant can sit, stand or walk, and how much weight the claimant can lift and carry, then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination.</u>  Of course, in such a situation a residual functional capacity determination is merely a mechanical determination, because the regulations clearly and explicitly define the various types of work that can be performed by claimants, based upon their physical capacities.

Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 287-88 (2011)(emphasis added); <u>see</u> <u>also</u> <u>Woodford v. Apfel</u>, 93 F.Supp.2d 521, 529 (S.D.N.Y. 2000)("An ALJ commits legal error when he makes a residual functional capacity determination based on medical reports that do not specifically explain the scope of claimant's work-related capabilities."); <u>Zorilla v. Chater</u>, 915 F.Supp. 662, 667 (S.D.N.Y. 1996)("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.").  The administrative law judge cannot speculate as to a claimant's residual functional capacity but must have  medical

evidence, and generally a medical opinion regarding the functional capabilities of the claimant, supporting his determination. Id. In this case there was no timely and relevant assessment of the functional capabilities of Plaintiff from a physician and the bare medical records and other non-medical evidence were insufficient for the administrative law judge to conclude that Plaintiff had the residual functional capacity to engage in a limited range of sedentary work on a full-time basis.[1]

Finally, at pages 4 and 5 of our order we incorporated for the purpose of background portions of an affidavit submitted by Chandler's attorney to the Appeals Council.  Although the Appeals Council considered that affidavit as stated in its decision of March 19, 2010, the affidavit was not used by us as a basis to remand the case.  The primary reason for remand as noted above was the lack of substantial evidence supporting the

---

1.  At page 14 of our order of March 8, 2011, we stated: "Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule."

4

administrative law judge's residual functional capacity assessment.

                        s/Malcolm Muir
                        MUIR
                        United States District Judge

MM:gs